principle which must apply to this case, namely, that for an article to be entitled to free entry as a part of a vessel it must be shown that it was at the time of its arrival and importation into the United States, *bona fide*, a part of a particular vessel, in this case the *Axel Johnson*.

After carefully considering all the facts in the case at bar and the well-settled principles of law applicable thereto, as judicially enunciated in the leading case of *The Conqueror, supra,* and subsequent cases of like tenor, we hold the contention of the plaintiff herein to be without merit. Hence, all claims are overruled, and the decision of the collector is affirmed.

Judgment will be entered accordingly.

**No. 51623.**—Petition 6420–R of Rice-Stix Dry Goods Co. (St. Louis).

Opinion by LAWRENCE, J. It appeared from the testimony that it was the invariable practice of the petitioner to submit all its invoices to the appraiser to ascertain whether the prices shown thereon represented what the latter understood to constitute the true values of the merchandise; that inasmuch as the appraiser knew of no change in the market value of the merchandise, he appraised the same at the invoice prices; and that it was not until some time after said appraisement that it was discovered there was a new price list showing higher values. From an examination of the record and consideration of all the facts involved, the court was satisfied as to the good faith of petitioner. It was held that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE THIRD DIVISION, MARCH 19, 1947

**No. 51624.**— Protest 776063–G of Wah Chang Trading Corp. (New York).

Opinion by CLINE, J. It was stipulated that the merchandise consists of kumquats similar in all material respects to those the subject of *United States* v. *Fung Chong Co.* (34 C. C. P. A. 40, C. A. D. 342). In accordance therewith the claim at 1 cent per pound under paragraph 743 was sustained.

**No. 51625.**—Protests 841341–G, etc., of Quong Yee Wo (New York).

Opinion by CLINE, J. It was stipulated that the merchandise consists of kumquats similar in all material respects to those the subject of *United States* v. *Fung Chong Co.* (34 C. C. P. A. 40, C. A. D. 342). In accordance therewith the claim at 1 cent per pound under paragraph 743 was sustained.

**No. 51626.**—Protests 403026–G, etc., of Bow Tsee Tong & Co. et al. (San Francisco).